Mr. Justice Lipscomb
delivered the opinion of the court.
This suit was originally brought by Stewart, as administrator of Conroy. The petition sets out that at the time of the death of Conroy the defendant was largely indebted to him for goods, wares and merchandise, before that time sold and delivered, at the special instance and request of the said defendant Frosh, and plaintiff avers the amount of that indebtedness to be twelve hundred dollars. The petition further alleges that the said defendant was indebted to the intestate at the time of his death, the sum of one thousand dollars for money had and received at the special instance and request of the said' defendant.
The record shows that subsequently the administration to Stewart was vacated, and letters of administration were granted to Joseph A. Swett, who as such was made a party, and obtained leave to amend the petition.
*487 The amended petition is not materially different from the original. It only changes the amount claimed to be due, and claims seven hundred and fifty dollars to be due for the goods, wares and merchandise, and the further sum of seven hundred and fifty dollars for money had and received by the defendant for the use of the said Conroy.
The defendant demurred to the petition and pleaded the statute of two years’ limitation, and a general denial of the allegations contained in the petition. The presiding judge overruled the demurrer, and the cause went to the jury on the other defenses.
The jury returned a verdict for the plaintiff for seven hundred dollars, on which the court rendered a judgment. 5fhe only evidence offered on the trial, as appears from the statement of facts, was the evidence of James W. Moore, as follows: “That at the request of the plaintiff he called on the defendant and asked him if he had any objections to stating how much he was indebted to Peter Conroy’s estate;” that he made the following memorandum:
“ Lawrence Frosh told me that he is indebted to the estate of Peter Conroy about seven hundred dollars, July 18, 1845, signed J. W. Moore;” he stated that the conversation took place about the 15th or 18th of July, 1845; that during the conversation, “Frosh admitted that he was indebted to Conroy’s estate at least seven hundred dollars.” The defendant asked for a new trial, which was overruled.
The plaintiff in error contends that the judgment of the court below ought to be reversed, because the petition is uncertain and does not show any cause of action. He contends that under our practice the petition should state circumstantially the manner in which the indebtedness accrued; that if this is not done, the defendant would not be advised with sufficient certainty to enable him to make the proper defense; that if the time and manner in which the indebtedness accrued is not stated, the defendant would be deprived of his defense of two years’ statute of limitation on open accounts. It is believed by the court that if a cause of action is shown in substance, but that it is informally averred, and not sufficiently *488 special or circumstantial, that it affords grounds of special or dilatory exception, and no ground for a presumptory exception. A general demurrer is a peremptory exception in law and' could not reach an informal averment; The first claim of indebtedness set up in the petition is for goods, wares and merchandise sold and delivered. This discloses a consideration for the debt. If the averment is defective in not showing how, whether by book account, or how else it originated, it would only furnish grounds of special exception. If no special exception is taken, evidence of a book account of those goods, wares and merchandise would be admissible. We presume, however, that the evidence was received and the verdict rendered on the second claim for money had and received; and whatever objection could be urged to the admissibility of the testimony under the first, there certainly could be no valid objection to it under that averment; nor can we perceive the force of the objection urged in the argument for the plaintiff in error, that if the date of the account of the indebtedness is not stated, the defendant cannot avail himself of the defense of the statute of limitations. The proof is that he acknowledged himself to be indebted to Conroy’s estate seven hundred dollars, and stops there; what is the presumption arising from such evidence? It certainly would be that the cause of action accrued immediately preceding the death of Conroy, because the evidence would not carry us further back. If, however, it did accrue at an earlier period, and at a time that would afford to the debtor the defense of prescription, it was surely competent for him to show that fact as a matter of defense-His not doing so leaves the presumption that he could not, because if it had been the fact, he would have proven it; and if he had done so, the acknowledgment made to' the witness, Moore, not having been in writing, signed by himself, it would not have taken it out of the statute. We believe that the demurrer was overruled and the testimony received in conformity with the most stringent application of the rules of practice in our courts. If, however, it was not so, we believe, under our system, the court neither can nor ought to disregard entirely the special circumstances attending a cause of action. If *489 rules of practice are to be inflexible and not mere general rules, so far from advancing tbe ends of justice they would not un. frequently be made the shield to protect the grossest fraud and injustice; and in no given class of cases would it more frequently occur than in suits to enforce the rights of those claiming under a dead man. In such cases the dead man can. refer to no testimony, he can name no living witness of the transaction, no place where vouchers can be found; all this information that might have been derived from him, lies buried in his grave. If, then, the representative of a deceased person can raise by legal testimony a presumption in favor of rights derived from him, he surely ought not to be required to make out that right as circumstantially as perhaps would have been required if the party to the transaction had been living. The testimony of Moore was certainly competent testimony showing an indebtedness; and if, from the fact that by strict technical rules of practice in ordinary cases it was not sufficient to establish the debt, a court invested with both equity and common law jurisdiction to be administered in the same form of action, ought not to consider a rule of pleading so inflexible as to defeat the ends of justice.
The judgment is affirmed.