Lipscomb, J.
We will first inquire whether the demurrer to the jurisdiction was well taken. If the facts stated in the petition are to be considered as true, it seems to me that the jurisdiction of the District Court can be sustained on two distinct grounds. The first is that the fraudulent combination between tire administrator and his confederates, in preventing competition and enabling these purchasers to bid iu the property at such an immense inadequacy of price, on which grounds the sales were sought to be set aside, could not have been inquired inlo and its results defeated anywhere hut in a jurisdiction where the principles of equity could be administered and the appropriate relief afforded. Fraudulent combination has always been a fruitful source for the exercise of chancery jurisdiction, and although franc! is not a matter exclusively for the cognizance of a court of chancery, because where it can fairly be presented as a fact courts of law would have concurrent jurisdiction, yet it most frequently occurs that its consequences can be obviated and defeated effectually nowhere but in a court where the principles of equity are administered. The Probate Court, from the limited jurisdiction it exercises, cannot well investigate the facts constituting the fraud; and even if it could set aside a sale on that ground, it cotild not so well protect the rights and various interests that may have resulted from such fraud.
The other ground on which it appears that the jurisdiction of the District Court is clearly sustained is on strict principles of law. The petitioner having stated that the claim was disallowed and rejected by the administrator de bonis non, and that he had disclaimed the recognition of this claim, made by the former administrator, it seems to me that, under the statute then in force, the petitioner was compelled to resort to the District Court for the establishment of it by an adjudication of its correctness. It seems to me, therefore, that the jurisdiction of the court is clearly sustainable on either of the grounds noticed.
There has been another ground presented by the counsel for the plaintiff in error on which he supposes the demurrer ought to have been sustained in the court below. He says the petition is multifarious. This is an objection that I liave thought can seldom be sustained, and entitled to no liberality of construetion in its'favor. It savors so much of the technicality of a common-law court that it must have found its standing in chancery practice as an interloper from the common-law practice. If the petition confines itself to the adjustment of all the equities arising between the parties, however various those equities may be in their origin, I know of no sound principle governing the exercise of chancery j urisdiction that would restrain the court from disposing of all such matters , without driving the party to another and distinct suit. If, however, there weref matters contained in the petition foreign to the relief sought, it could not be j-3 reached by a general demurrer. Such matters should be specially pointed out, / and if the objections were well taken, could be stricken out without destroying the matter that was well presented. In no aspect, however, can the *143 petition in tills case be considered obnoxious to the objection raised by the counsel for the plaintiff in error.
¿ÍH Sis rtí E-< o SIS Is gCQ ^3- £ § o ~g a o°o
We will next in order consider the sufficiency of the defense of the statute of limitations. It will be recollected that the condition of the bond sued on was not broken until the expiration of six months from the opening’ of the general land office. The subject of the condition shows most conclusively what was meant by opening the land office : it was opening it for the issue of patents or the titles by patents issued on the headlights of persons entitled to such Government title papers. If the suit had been brought before the time so specified in the bond, it could not have been sustained, because the conditions would not have been broken. Now, although by an act of Congress a much earlier time was fixed for the “opening” of the land office in the sense of that term contemplated by the parties, yet we are authorized to know from the history of our own times, constituting a part of our political history, that the land office was not practically opened for such purposes until some time in 1844. That its operation in this respect was restrained by different acts of the Legislature, by proclamation, and by the removal of the Government for a time from the city of Austin. The obligor could have urged these facts had he been sued sooner, and could have shown that until that time the contingency had not happened on which he was to fulfill the conditions of his bond. Under this view of the question it is not material to know the exact time when the land office should be considered “opened,” as it is certain that it was not at a time early enough to complete the running of the statute before the commencement of the suit in this case. And if there was any doubt upon the subject, it would be entirely dispelled by a part of the evidence furnished by the record. On the 11th of May, 1844, the year in which Berry died, he writes from Galveston to his friend in Kentucky, expressing his wish to be in Kentucky, but is determined not to leave Texas until he had obtained all of his patents. 1-Ie expresses a belief that this can be done in about six weeks, as he “ lias just been informed that the Commissioner of the General Land Office has obtained possession of the archives.” This is conclusive against him of the existence of the impediments to procuring the patent, and he could not say that the land office had been practically opened for the issue of patents prior to that time. This view of the subject dispenses with the necessity for discussing and deciding whether the obligation sued on is a moneyed contract coming within the meaning of the statute of limitations. This is a question of importance, involving a large amount of interests in this State, and it has never been discussed in this court. We should have felt reluctant to decide it without the aid of a full discussion, and are happy to he relieved from that necessity in this case.
Judgment affirmed.