Wheeler, J.
The only question presented for our consideration is as to the propriety of the ruling of the court in excluding the evidence offered to prove a settlement of the alleged indebtedness, and the admission of the plaintiff' that the defendant’s intestate owed him but fifty dollars.
It does not appear upon what ground the evidence was excluded. But it must have been upon one of two grounds : either, 1st, that it was inadmissible iu itself as evidence of payment, or, 2d, that the fact of payment was not so pleaded as to lay the foundation ior the introduction of any evidence under the plea.
It is an elementary principle that a man’s own acts, conduct, and declarations, when voluntary, are always evidence against him. “It is (says Mi-. "Starkie) a most general and extensive, rule that all a man’s acts and declarations shall be admitted in evidence whenever they afford any presumption against him, for it is to be presumed that he acted and spoke consistently with his knowledge of the truth.” (2 Stark. Ev., 17.)
Great latitude is justly allowed by the law to the reception of indirect or circumstantial evidence, the aid of which is constantly required to remedy the want of direct evidence. In the absence of direct evidence, that which conduces in any degree to establish a material fact alleged is in general admissible. Any fact may be submitted to a jury, provided it can be established by competent means which afford any fair presumption or inference as to the question in dispute. (1 Stark. Ev., 57, 58.)
The evidence we are considering was offered for the purpose of proving payment. That fact it was competent to prove either by direct or by cireumstantial evidence. And the admissions of the party afforded strong presumptive proof against him that all but fifty dollars of the alleged indebtedness upon the account sued on had been paid. The evidence was therefore admissible as circumstan-tial or presumptive proof of payment.
Was the fact of payment so pleaded as to authorize the admission of any ■evidence under the plea?
The rule that the pleader must state the facts on which he intends to rely as •constituting his cause of action or ground of defense is universal in its application in our pleadings with the single exception of the plea of -‘not guilty” in the action of trespass to try title. But although a statement of the facts is indispensable, it is not necessary to state such circumstances as constitute merely the evidence of those facts. The simple allegation of the'fadtis *293 sufficient without detailing a variety of minute circumstances which merely conduce to prove the truth of it.
Note 102. — Van Alstyne v. Bertrand, 15 T., 177; Seoby v. Sweatt, 28 T., 713.
Note 103.— Warren v. Bailey, 7 T., 517; Moreland v. Atchison, 34 T., 351.
Note 104. — Holliman v. Rogers, 6 T, 91; Able v. Lee, 6 T., 427; Cartwright v. Jones, 13 T., 1; Marley v. McAnelly, 17 T., 658.
To require all those circumstances which constitute but the evidence of facts to be stated would lead to inconvenient detail and intolerable prolixity in-pleading, and-it would be to require that which must often be impracticable and, if attempted, hazardous to the rights of the party; for it is not always possible for the pleader to know in advance precisely what his evidence will! be, and a variance might be fatal to his cause. Hence the necessity of adhering to the rule that what is merely the evidence of facts need not be stated.
While our law rejects the fictions and generalities of the common-law system-of pleading, and requires that the pleader shall state truly the facts of his case, and when the nature of the ease may seem to require, or will conveniently admit of it with even circumstantial accuracy in the application of the rule, we must avoid the opposite extreme of requiring such a degree of specially and, minute particularity of detail as would be either impracticable or extremely inconvenient in practice. This can only be done by keeping in view and maintaining the rule we have indicated’, the consequence of which is that if the fact be pleaded, the evidence of such fact may be submitted to the jury, although not specially developed in the pleading by a detail of all the attendant circumstances.
The rule may, indeed, sometimes be difficult in its application, for cases may be presented in which it will be difficult readily to distinguish the facts proper tobe pleaded from the circumstances which are but the evidence of the facts. But the reason and propriety of the rule are obvious. It is so elementary in its character as to be easy of comprehension, and the careful pleader who possesses a competent knowledge of his subject — that is, the facts of his case and the law arising upon those facts — will seldom be embarrassed in its application.
In the case before ns the defense relied on was payment. The fact of payment was pleaded. The declarations and admissions of the plaintiff offered in evidence were but presumptive proof of payment. They did not constitute but were merely evidence of the facts. It therefore was not incumbent on the defendant to allege these declarations and admissions, but having alleged the fact which constituted his ground of defense, and which they merely conduced to prove,, it was competent to introduce them in evidence, though not detailed in the plea.
The plea is expressed in very general terms. No exception, however, was taken to its legal sufficiency. The subject-matter of it constituted a valid defense to the action, and if the plaintiff would have taken advantage of any defectiveness in the form or manner of stating it, he should have done so by-exceptions. (Frosh v. Swett, 2 Tex. R., 485.) The objection might then have been removed by amendment, or otherwise the plea adjudged Insufficient. Had there been an exception td the plea a different question would have been presented. But where the fact relied on is stated truly, though defectively, in respect to time and place and the manner of the happening of the fact, and constitutes in law a valid ground of defense, and there was no exception to the plea, evidence competent to prove the truth of it, and not variant from or inconsistent with the allegation, should not be excluded merely in consequence of the form of stating the fact. The act concerning discounts and set-offs (Acts of 1840, p. 62, sec. 2) does not apply to a case like the present. That act is applicable only where it is proposed to prove “ items” of payment.
Wo are of opinion that the evidence offered was admissible under the plea, and that there was error in excluding it, for which the judgment must be reversed and the cause remanded for further proceedings.
Judgment reversed.