# AUSTIN TERM.

---

## J. L. L. McCall v. D. O. Sullivan.

(No. 21, Op. Book No. 1, p. 11.)

Appeal from Parker County. Opinion by Winkler, J.

§ **1.** *General demurrer.* Where no action is shown to have been taken before trial on the general demurrer, it may be availed of on motion in arrest of judgment. [Bradshaw v. Davis, 12 Tex. 345.]

A general demurrer goes only to the substance and not to the manner and form in which the cause of action is pleaded. [Frost v. Sweet, 2 Tex. 485; Warner v. Bailey, 7 Tex. 519; Williams v. Warnell, 28 Tex. 612.] A general demurrer calls in question the legal sufficiency of the pleading demurred to and nothing more. It is a peremptory exception and will not reach an informal averment.

§ **2.** *False promises and representations which will sustain an action.* It is not every promise or representation falsely made which will hold a party liable in damages; as for instance, where both parties have equal knowledge of the subject about which the representation is made. It is only where the person to whom the untruthful representations are made is in ignorance of the facts — relies upon the representations, and is thereby misled to his prejudice, or parts with his money or property, that the law will give him protection and relief.

§ **3.** *Fraud in morals and law.* No exact or recognized line of demarcation has or can be drawn between moral and legal fraud. Whenever one party has been injured, directly or indirectly, by the artifice or fraud of another, it is for the court to determine whether what was done amounts to cognizable fraud. And in deter-

11

mining this question the court will be governed by the materiality of the fraud alleged to the contract sought to be avoided or damages to be recovered in consequence of it.    It must affect the very essence and substance of the contract; it must work an actual injury.    It is not necessary that it should have been practiced *malo animo*, because an action might be sustained upon an allegation that the representation was false, although the party making it did not know at the time he made it that it was so.

§ 4. *Fraud, effect of.* Fraud avoids all contracts. [Stacey v. Ross, 27 Tex. 3.]

§ 5. *Fraud, how determined.* The question of fraudulent intent is one for the jury. [Briscoe v. Bronaugh, 1 Tex. 326.]

§ 6. *Fraud, actionable when.* Where an innocent party is induced by the representations of another (upon which he relies, and in personal ignorance of the fact that a third party is solvent) to accept the note of such third party in payment of property sold, and the note is worthless, he has a good cause of action against the party making the representations. [Mitchell v. Zimmerman, 4 Tex. 75.]

May 22, 1876.                                    Affirmed.