## FALLS COUNTY TURNPIKE ROAD & BRIDGE CO. v. J. D. JORDAN.

### (No. 5474.)

DAMAGES.— Injury to person; pleading.
DEMURRER, GENERAL, will not reach a merely informal or defective averment if a cause of action be shown.

APPEAL from Falls county.    Opinion by WALKER, J.

STATEMENT.— This was a suit brought by the appellee against the Falls County Turnpike Road & Bridge Company.    Petition alleged that they owned a toll-bridge built across the Brazos river, under an act of the legislature entitled "An act to incorporate the Falls County Turnpike Road & Bridge Company."

Plaintiff sues for $3,000 for an injury inflicted upon him whilst crossing the bridge, occasioned by a spike nail having passed through his foot, the nail having been improperly exposed to the surface of the bridge, through the negligent act of the defendant.    The petition further alleged defendant had laid and scattered upon the floor loose planks and timbers in which were nails and spikes turned upward.

Petition also alleged that plaintiff had paid the toll or fare for crossing said bridge with his wagon and team.

He alleged that he was an agriculturist, dependent on his labor to support himself and family; that he leased land for cultivation in 1875; by reason of said wound, inflicted the last of January, 1875, he lost his crop and labor for that year, worth to him $1,500; medical aid at cost of $——; and by reason of the premises was damaged $3,000.    Defendant answered by general demurrer, etc., with plea of contributory negligence on the part of the plaintiff in driving upon said bridge a team of unruly oxen.

The court overruled the demurrer; verdict and judgment for the plaintiff for $75.    Motion for new trial by defendant overruled.

OPINION.—The petition sets forth a good cause of action. The only objection urged against its sufficiency, in the brief of the appellant's counsel, relates to the want of certainty in the averments which are descriptive of the defendant in this suit. It is urged that it is not alleged that the Falls County Turnpike Road & Bridge Company was a corporate body, having and exercising corporate powers, capable of being sued, of contracting, etc., and responsible for its contracts or torts. The averments in the petition imply sufficiently, under a general demurrer, the reverse of the appellant's assumption under the proposition referred to. A general demurrer will not reach a merely informal or defective averment; if a cause of action be shown, but be informally or defectively stated, the objection must be taken by a special demurrer. Frost v. Sweet, 2 Tex., 485; Dobbin v. Bryan, 5 Tex., 276; Wells v. Fairbanks, 5 Tex., 582; Warner v. Bailey, 7 Tex., 517.

Nor did the court err in admitting evidence to establish amount of physician's bill incurred by plaintiff, objection being that allegations in the plaintiff's petition would not admit proof. But the petition did not allege the *amount* of said bill; and the defendant having gone to trial without excepting to the petition specially by pointing out such indefiniteness, objection to evidence to establish the amount will not be heard. Frost v. Sweet, 2 Tex., 485.

The admission of evidence as to time lost by plaintiff was proper under the allegations.

The court properly held that the damage claimed by reason of loss of crop which he expected to raise was too remote to afford a ground for recovery.

There was testimony tending to support the plaintiff's action, and upon the issues submitted to the jury their verdict is not contrary to the evidence.

AFFIRMED.