# FALLS COUNTY TURNPIKE ROAD AND BRIDGE CO. v. J. D. JORDAN.

SUPREME COURT, AUSTIN TERM, 1882.

*Injury to Person—Damages—Pleading.*—A general demurrer will not reach a merely informal or defective averment, if a cause of action be shown, but be informally or defectively stated. The objection must be taken by special demurrer.

*Same—Evidence.*—In an action for damages for injuries sustained, in the petition the amount of the physician's bill was left blank. *Held,* that defendant having gone into the trial without excepting to the petition specially, by pointing out the indefiniteness as to the amount of said bill, the objection to evidence to establish the amount should not be heard.

*Same.*—Evidence as to time lost by plaintiff in consequence of his injury, and the value thereof to plaintiff, was admissible under allegations of the petition which described the plaintiff's occupation and the loss which ensued to him in consequence of being disabled from the wound.

*Same.*—Damage for loss of crop expected to be raised was too remote, but plaintiff, in connection with the allegations made by him of that damage, showed he had been entirely disabled from working as an agriculturist, his sole occupation, and that by the loss of his labor and said crop, he was damaged $1500. *Held,* that the defendant, failing to except specially to these allegations, the evidence offered was admissible.

Appeal from Falls county.—This was a suit brought by the appellee against the Falls County Turnpike Road and Bridge Company. The petition alleging that they owned a toll bridge built across the Brazos river, under an act of the Legislature, entitled "An act to incorporate the Falls County Turnpike Road and Bridge Company." The plaintiff brought his action for $3000 damages, for an injury inflicted upon him whilst crossing the bridge, occasioned by a spike nail having passed through his foot, the nail having been improperly exposed to the surface of the bridge, through the negligent act of the defendant.

The petition further alleging that the defendant had laid and scattered upon the floor, and along each edge and side of the bridge, for three-fourths of its length, along the central part of it, loose planks and timbers, into which and through which were driven long nails and spikes with sharp points turned upwards, which impeded the passage over the central portion of the bridge; that the same was done, caused and committed by the gross, willful and tortious negligence of the defendant.

The petition alleged that the plaintiff, having paid the toll or fare for crossing over said bridge with his wagon and team, was im-

pede. by the planks, timbers, nails and spikes aforesaid, and whilst proceeding with due caution and prudence, one of the nails or spikes penetrated through his foot, inflicting a serious wound, excruciating suffering, and which endangered his life.

He alleged that he was an agriculturist, dependant on his labor to support himself and family; that he had leased land for cultivation for the year 1875; that by reason of said wound, which was inflicted about the last of January, 1875, he has been wholly disabled and has lost his labor and crop for that year, worth to him $1500; that he has been compelled to call in medical aid at a cost of $——, and has, by reason of the premises, been damaged $3000.

The defendant answered by general demurrer, general denial, and a plea of contributory negligence on the part of the plaintiff, by reason of his having driven upon said bridge, a team of unruly oxen.

The court overruled the demurrer; verdict and judgment for the plaintiff for $75. Notice for a new trial by defendant, upon the grounds that the verdict was contrary to the law and the evidence, and contrary to the charge of the court, which was overruled, and defendant appealed, and assigns as errors the overruling of the defendat's demurrer, the overruling of the motion for a new trial, and that the court admitted testimony as to the amount of the physician's bill incurred by him when wounded, and in admitting evidence that the plaintiff had lost four months, by reason of his injury, during which time he was unable to work, and that the value of his time was $25 or $30 per month.

Opinion by Walker, J.—The petition sets forth a good cause of action; the only objection urged against its sufficiency, in the brief of the appellant's counsel, relates to the want of certainty in the averments which are descriptive of the defendant in this suit.

It is urged that it is not alleged that the Falls County Turnpike Road and Bridge Company were a corporate body, having and exercising corporate powers capable of being sued, of contracting, etc., and responsible for its contracts or torts. The averments in the petition imply sufficiently, under a general demurrer, the reverse of the appellant's assumption under the proposition referred to. A general demurrer will not reach a merely informal or defective averment, if a cause of action be shown, but be informally or defectively stated; the objection must be taken by a special demurrer. (Frost v. Sweet, 2 Texas, 485; Dobbin v. Brigan, 5 Texas, 276; Wells v. Fairbanks, 5 Texas, 582; Warner v. Bailey, 7 Texas, 517.)

The court did not err in admitting evidence to establish the amount of the physician's bill incurred by the plaintiff; the objection was made that there was no sufficient allegation in plaintiff's pleading to admit such proof. The petition did not allege the *amount* of the physician's bill; that was left blank; but the defendant having gone into the trial without excepting to the petition specially, by pointing out the indefiniteness as to the amount of said bill, the objection to evidence to establish the amount, made during the trial, for want of allegation as to amount, will not be heard. (Frost v. Sweet, 2 Texas, 485.)

Such evidence, it would seem, is properly admissible in support of the allegation of general damage. The attention of a physician, presumably, is necessary, and the necessity for his service ordinarily results from an injury such as the plaintiff alleges that he received, and the expense for curing the wound is a part of the damage itself.

As respects the admission of the evidence respecting the time lost by the plaintiff, in consequence of his injury, and the value thereof to the plaintiff, the same was admissible under the allegations of the petition which described the plaintiff's occupation, and the loss which ensued to him, in consequence of being disabled from the wound.

The court properly held that the damage claimed by reason of the loss of crop, which he expected to raise upon the leased premises, was too remote to afford a ground of recovery; but the plaintiff in connection with the allegations made by him of that damage, showed that he had been entirely disabled from working as an agriculturist, which occupation was the sole dependence for the support of his family, and that by the loss of his labor and said crop, he was damaged $1500. The defendant failing to except specially to these allegations the evidence offered was admissible.

The only remaining assignment relates to the refusal of the court to grant a new trial; the only remaining grounds of the motion left for consideration are those very general propositions, that the verdict of the jury was contrary to the law and the evidence.

The appellant does not point, in his assignment of errors, to any error of law in the charge of the court; no exception was taken thereto at the trial, nor did the defendant ask for any further instruction.

We shall not, therefore, scrutinize the charge of the court to discover defects or errors in it, if any such there be. As to the facts,

there was testimony tending to support the plaintiff's action, and, upon the issues submitted to the jury, their verdict cannot be said to be contrary to the evidence.

The judgment ought to be affirmed.

Report of Commissioners of Appeals examined, their opinion adopted and the judgment affirmed.—GOULD, C. J.