## SMITH *v.* TOWN OF FRANKLIN.

*Jury. Statute of Limitations. Demand.*

1.  Where there is any evidence tending to support the claim of the plaintiff, he may go to the jury, even though that evidence is contradictory.

2.  Where a debt, whether created by the deposit of money or otherwise, is payable on demand, a demand will not be presumed within six years, if the terms of the contract or the circumstances of the transaction are such as to indicate that the parties contemplated delay in the making of such demand.

3.  Plaintiff testified that in 1863 he enlisted for defendant town and that he left both his government and town bounty with defendant until he should return from the war and call for it, upon the representation of one of the selectmen that the town would pay him interest. This suit was begun in 1887. *Held*, that the plaintiff was entitled to go to the jury.

General assumpsit. Pleas, the general issue and statute of limitations. Tried by jury September Term, 1888, Taft, J., presiding.

The plaintiff claimed by his specifications to recover for "cash left in trust Nov. 1, 1863, $480.00, with interest."

The plaintiff proved the vote of the defendant town to pay a bounty of three hundred dollars, and that the selectmen for the year 1863 were Roby, Marsh and Cleveland.

The plaintiff then introduced Roby as a witness, who testified in substance that he represented the defendant in the enlistment of the plaintiff among others; that the plaintiff did enlist to the credit of the defendant, and was entitled to receive from the town as bounty $300.00; that this was not paid by the town directly to the plaintiff, but was paid to the said Marsh as his agent upon an understanding with the plaintiff.

The plaintiff in his own behalf testified that said $300.00 never had been paid to him, and that no order had ever been drawn in payment therefor to his knowledge, and that no arrangement had ever been made by which Mr. Marsh was to

(25)

receive this and his government pay as his agent, but that he had consented to leave his town bounty and to pass over his government money to the town to be kept by it upon the payment of interest until he should return and call for it; that he had done this upon the representation of Mr. Marsh, who told him that the town was hiring money and would as lieve pay him interest as any one; that he had never received any portion of the money and never called for it until some two years before the bringing of this suit.

Upon the conclusion of the plaintiff's case, the defendant moved the court to order a verdict in its favor, which was done. Exceptions by the plaintiff.

*Charles G. Austin* and *Willard Farrington,* for the plaintiff.

If the transaction was strictly a loan, the statute of limitations would not begin to run until it fell due; and that was not until it was demanded in 1885.

If, on the other hand, this was a trust on the part of the town, the statute would not begin to run until an express demand. Wood Lim. s. 142; *Payne* v. *Gardner,* 29 N. Y. 146; *Payne* v. *Slate,* 29 Barb. 634; *Sweet* v. *Irish,* 6 Barb. 467; *Ingraham* v. *Baldwin,* 9 N. Y. 47; *Jackson* v. *Hotchkiss,* 6 Cow. 403; *Jackson* v. *Pierce,* 10 Johns. 417; *Hayer* v. *Pruyn,* 7 Paige, 470; *Sullivan* v. *Fosdick,* 10 Hun. 173; *Herrick* v. *Woolverton,* 41 N. Y. 600; Finkbone's Appeal, 86 Penn. 368; *Bank* v. *Weedon Admr.,* 18 Md. 320; *Howell* v. *Adams,* 68 N. Y. 314.

*Ballard & Burleson* and *Cross & Start,* for the defendant.

The debt of this plaintiff was a debt against the defendant payable on demand, and the statute of limitations would run from its date. No arrangement with one of the selectmen could alter the time of payment. *Hartwell* v. *Newmark,* 41 Vt. 337; *Wrisley* v. *Waterbury,* 42 Vt. 228; *Thrall* v. *Mead,* 40 Vt. 540; *Shaw* v. *Silloway,* 5 N. E. 466; *Kingsbury* v. *Butler,* 4 Vt. 458; *Western Union Telegraph Co.* v. *Clark,* 2 N. E. 396.

Smith *v.* Town of Franklin.

If a demand was necessary to put in operation the statute, then the court should presume that such demand was made within six years. *Codman* v. *Rogers*, 10 Pick. 112; *Learned* v. *Foster*, 117 Mass. 365; *Dodge* v. *Essex Insurance Co.*, 12 Gray, 65; *Butts* v. *Vicksburg, and M. R. Co.*, 63 Miss. 462; *Shutts* v. *Fingar*, (N. Y.) 1 Cent. 731.

If there was only a trust relation, it was not such a one as would prevent the running of the statute. *Stewart* v. *McBurney*, (Pa.) 1 Cent. 616; Wood Lim. s. 59; *Newson* v. *Commissioners*, (Ind.) 1 West. 475; *Spidel* v. *Henrici*, 30 U. S. L. 718; *Wilmerding* v. *Russ*, 33 Conn. 77; *Cane* v. *Bloodgood*, 7 Johns. Ch. 90; *Richards* v. *Mackall*, 31 U. S. L. 396.

One selectman cannot bind the town by contract. *Scott* v. *Cabot*, 44 Vt. 167; *Livingston* v. *Albany*, 44 Vt. 666.

The opinion of the court was delivered by

POWERS, J.   The court below ordered a verdict for defendant upon the ground that the statute of limitations had run upon the plaintiff's claim.   If there was any evidence in the case that tended to save the claim from the statute it should have gone to the jury.

The plaintiff's evidence came mainly from Mr. Robie and himself and although these witnesses differed as to some of the material facts, the court could not as matter of law adopt the version of either, but must submit the whole to the jury and they could adopt either version as they pleased.   Mr. Robie's evidence tended to show that the plaintiff was paid his bounty at Brattleboro in a town order which was delivered to Mr. Marsh by plaintiff's directions and subsequently cancelled by Mr. Marsh on the ground that the plaintiff had deserted the service.   But the plaintiff testified that he never had any town order and never appointed Mr. Marsh his attorney for any purpose except to draw his government wages.   He says in substance that Mr. Marsh told him "you will have a lot of money coming to you, you will lose it perhaps, or get robbed of it and the town is paying good interest and they are hiring money and would

just as lieve pay you interest as any one else ;" that he also spoke of the monthly pay and said "you will get $13 a month and your clothing and rations and he says you won't need that money, why don't you leave it right with the town with the rest of the money until you return and call for it."

The plaintiff replied, "well I thought it over and I thought I would do so."

This statement of the manner in which the money was left with the town was substantially adhered to by the plaintiff throughout his testimony. Upon his claim that he left the money with the town until he returned and called for it and upon his version of the matter the town did not make a present payment by way of an order or otherwise. The implication arising from his story is that he left his money with the town as a depositary subject to his call.

We think that it cannot be said as a matter of law that the statute has run upon this claim if the jury find the facts in accordance with the plaintiff's story. The ordinary rule is in case of an ordinary debt payable when demanded that the statute will begin to run from the time of demand. *Poultney* v. *Wells*, 1 Aik. 180.

It has been held that a demand in such cases should be made within six years unless the terms of the contract are peculiar or other circumstances exist indicating that the parties contemplated a longer delay. *Thrall* v. *Mead*, 40 Vt. 540. In *Stanton* v. *Stanton*, 37 Vt. 411, it was held that the circumstance that the contract indicated that the calls for payment were to be indefinitely prospective and as suited the wants and convenience of the payee, the law cannot assume any fixed point of time at which the statute will begin to run, and in that case a note had run for over twelve years without demand and was saved from the operation of the statute.

These cases show that special circumstances may vary the general rule, as laid down in *Poultney* v. *Wells*, *supra*, that the statute will only run from the time of demand made.

Smith *v.* Town of Franklin.

In the case at bar the plaintiff's claim was not payable on demand. If his story is taken, it was payable *on his return.* He could not call for it the next day after his enlistment, but the implication is that it could not be called for until the service was ended—until he returned from the war and called for it. The very object in leaving it with the town was to avoid the perils of robbery or accidental loss incident to army life. In other words, he left it with the town for safe keeping until he returned at the end of the service, the limit of which at the time was not fixed, and until he should, after the end of his service, see fit to call for it.

The case is a novel one in the circumstance of the plaintiff's long delay in calling for his money. Its novelty, however, may all disappear when the case is fully tried.

We take no time with the question raised as to the authority of one selectman to bind the town by his acts. If the town holds in its treasury the plaintiff's money, under a liability to respond as for a deposit, its liability does not rest upon the agency of its officers, but upon the fact that the money has gone to its use.

If one adopt the view that the town never set apart any money to the plaintiff's use, but owe him for his promised town bounty and for the government bounty, sent from Brattleboro, it would not vary the rule—as the plaintiff states the facts, we think in that case the statute would only run from the time of demand made.

We have purposely confined our observations to the testimony of the plaintiff, as this is the only evidence appearing in the case that upholds the views expressed, and all we mean to say respecting it is, that, in our judgment, there is enough in it to require its submission to a jury.

*Judgment reversed and case remanded for new trial.*