MARY A. COOK *v*. LORENZO GORE'S ESTATE.

Appointed Special Term at Brattleboro, February 16, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed March 18, 1909.

*Contracts—Construction—Limitation of Actions—Accrual of Action—Demand—Performance of Contract.*

Plaintiff loaned money to her father, which he was to invest in a place for her and her children, plaintiff to receive interest and have the money returned to her when she called for it, her children to live and board there, plaintiff paying him for their board; and she and the children did live and board there for some time. *Held*, that the agreement was that plaintiff should allow her father to invest the money in the place in return for a home and board for herself and children in part payment thereof; plaintiff to receive the money back, with interest not otherwise paid, when she called for it; and that the Statute of Limitations would not begin to run against an action for the money until plaintiff demanded its return.

APPEAL from the decision of commissioners allowing the claim of Mary A. Cook presented against the estate of Lorenzo Gore. Francis A. Sylvester, appellant. Declaration, general assumpsit. Pleas, the general issue, payment, and the Statute of Limitations. Trial by jury at the April Term, 1908, Windham County, *Powers*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Arthur P. Carpenter* and *Addison E. Cudworth* for the defendant.

No demand was necessary to set the statute in motion. The plaintiff's evidence tended to show that the loan, with interest, was to be paid "when called for." This is equivalent to saying it was payable when demanded, for calling for it is but a demand, and a demand is a call for it. A debt payable "when demanded" is payable "on demand." *Kingsbury* v. *Butler*, 4 Vt. 458; *Dawley* v. *Wheeler*, 52 Vt. 574; *Lycoming Fire Ins. Co.*

v. *Batchelder,* 62 Vt. 148; *Smith* v. *The Town of Franklin,* 61 Vt. 385; *Stanton* v. *Stanton's Estate,* 37 Vt. 411; *Thrall* v. *Mead,* 40 Vt. 540; *Poultney* v. *Wells,* 1 Aik. 180; *Hutchinson* v. *Parkhurst,* 1 Aik. 258.

*Chase & Daley* for the claimant.

"The ordinary rule is in case of an ordinary debt payable when demanded that the statute will begin to run from the time of demand." *Smith* v. *Town of Franklin,* 61 Vt. 385-388; *Poultney* v. *Wells,* 1 Aik. 180; *Joel Ward and others: Appeal from Probate,* 35 Conn. 161; *New England Fire Ins. Co.* v. *Haynes,* 71 Vt. 306-308; Wood on Lim. Actions, 256, 257; *Stanton* v. *Stanton,* 37 Vt. 413; *Sweet* v. *Irish,* 36 Barb. (N. Y.) 467.

WATSON, J.   The evidence introduced by the plaintiff showing that on October 22, 1894, she let her father, Lorenzo Gore, then in life, have the sum of $1,035.00 does not appear from the record to have been disputed.   Sylvia A. Gore, the widow of Lorenzo, testified that the agreement between him and Mary (the plaintiff) in regard to this money was, "the money was put into the place for his and her children, and she was to have her pay and interest on it," and that "she should have her money when she called for it; her children should have their home and be boarded there, and she should pay him for their board." The witness further testified that the plaintiff's young son was afterwards boarded by Lorenzo four years and a few months at one dollar per week as a payment on this loan; that he boarded other of Mary's children as a payment thereon; and that Mary was boarded there two summers in the same way at the price of one dollar and fifty cents per week.   Lorenzo died January 24, 1906.   The record does not show that these facts testified to by Mrs. Gore were in any way controverted, nor that any claim was made on the part of the estate that they are not true.   The Statute of Limitations is pleaded, and it was contended that if the loan was made at the time above stated it was barred.   The court instructed the jury in effect that the statute would not begin to run until demand was made, and that as the case was presented a recovery was not barred, to which an exception was taken.   Was this error? is the only question before us.   It is contended that no demand was necessary to set the statute in motion, and that

the claim was barred by the lapse of six years after the loan was made.

We think the undisputed contract, fairly construed, shows that a home and board for the plaintiff and her children at her father's house were contemplated by the parties, and to this end she let him have the money to put into his place, she and her children to have a home and be boarded there, as she might desire, in part payment thereof, and that she was to have the money back with interest, so far as not otherwise paid, when she called for it; and that in itself the contract indicates that the call for the money by the plaintiff was understood to be indefinitely prospective, as might suit her wants and convenience. With the contract thus construed, the law cannot assume any fixed period of time at which the statute would begin to run, short of the time when a call for the money is made. It follows that the part of the charge to which exception was taken is without error. *Stanton* v. *Stanton,* 37 Vt. 411; *Thrall* v. *Mead,* 40 Vt. 540; *Smith* v. *Franklin,* 61 Vt. 385, 17 Atl. 838.

*Judgment affirmed to be certified to the probate court.*