### SIEBERT et ux. v. FANGER.
### No. 3023.

Court of Civil Appeals of Texas. El Paso.
July 12, 1934.

Rehearing Denied July 30, 1934.

Olin E. Nesmith, of Dallas, for appellants.

Peyton A. Ellison and Hoyt A. Armstrong, both of Dallas, for appellee.

WALTHALL, Justice.

Plaintiff, Mrs. Eva Fanger, brought this suit on May 2, 1932, and on February 21, 1933, filed herein her first amended original petition upon which this suit was tried. The suit is against defendants C. O. Siebert and wife, Mrs. Bertha Siebert, and is based upon the following contract in writing:

"The State of Texas, County of Dallas.

"Whereas, Mrs. Eva D. Fanger, a widow, has funds on hands that she is not using and she is desirous of letting her friends, C. O. Siebert and wife, Mrs. Bertha Siebert, have the use of One Thousand Five Hundred ($1,500.00) Dollars, without interest, which they desire to use in the construction of a new home,

"Now, therefore, Know All Men By These Presents: That it is hereby agreed that the said Mrs. Eva D. Fanger has this day delivered to the said C. O. Siebert and wife, Mrs. Bertha Siebert, the sum of One Thousand Five Hundred ($1,500.00) Dollars which they are to use without the payment of interest, and with the understanding when new home is built by said Siebert and wife, same to be within ninety days, and after they have moved on same, the said C. O. Siebert and wife are to execute a lien on Lot Nine (9) in Block 'D' of Cockrell's Fairland Addition to the City of Dallas, Texas, in Dallas County,

Texas, and continue to have the use of said money without interest for a period of five years, or until demand is made for same.

"Said C. O. Siebert and wife, Mrs. Bertha Siebert, hereby acknowledge receipt of said sum of One Thousand Five Hundred ($1500.-00) Dollars, and agree to repay the same as aforesaid on demand, and to execute lien on the aforementioned property when same has been abandoned as a homestead.

"Witness our hands in duplicate original form, this 5th day of May, A. D. 1924.

"[Signed] Eva D. Fanger,
"C. O. Siebert,
"Mrs. Bertha Siebert."

The instrument was duly acknowledged on the day of its execution.

It was agreed in open court by the parties that the $1,500 advanced by plaintiff was received by the defendants and was used for the express purpose of building a home on lot 9, block B, of Crockrell's Fairland addition to the city of Dallas, and that said home was completed within the ninety days stipulated for in the instrument, and that defendants moved onto said property, and occupied the same as a home in accordance with such agreement, and never executed the deed of trust lien as agreed in said instrument.

The above constitute all the facts found in the record.

Answering, Mrs. Bertha Siebert pleaded her coverture, as a married woman; Siebert, for the community estate, pleaded coverture of his wife; defendants answered by general demurrer, special exception suggesting the bar of the statute of limitation of four years to plaintiff's suit; by plea defendants interposed the bar of the statute of limitation of four years as provided by article 5527 of the statute to plaintiff's cause of action; defendants further answered by general denial, and each pray that they go hence and that plaintiff take nothing by her suit.

The judgment recites the defendants' demurrers had been considered and were in all things overruled, to which action of the court defendants duly excepted. The judgment recites that the court then heard the evidence and entered judgment for plaintiff Mrs. Eva D. Fanger, against defendant C. O. Siebert, for $1,626.52, and interest from date. The judgment decreed an equitable lien in favor of plaintiff upon lot No. 9, block D, of Cockrell's Fairland addition to the city of Dallas, and ordered said lien foreclosed as to both defendants, and authorized a deficiency judgment against defendant C. O. Siebert, and taxed all costs against C. O. Siebert, and further decreed that except as in the judgment the parties recover nothing one from the other.

Each defendant duly excepted and, on the overruling of their motion for a new trial, gave notice and prosecute this appeal.

### Opinion.

Plaintiff's cause of action is based upon the written contract set out in full in the above statement, and all the rights of the parties in the suit must arise out of said contract.

The only question we think to discuss, as a bar to plaintiff's cause of action, is that of limitation pleaded by defendants, by special exception and by plea.

The action of the court in overruling appellant's general demurrer does not present reversible error.

▉ The suit is founded upon the written contract fully set out in the above statement, and the rule is that unless the parties to the contract have by agreement created a remedy for the enforcement of their rights other than by suit, the four-year statute governs actions founded upon written contracts. 28 Tex. Juris. p. 111.

The contract involved here was executed and delivered on the 5th day of May, 1924, and the suit was instituted on the 2d day of May, 1932.

▉▉ No demand for repayment is shown to have been made which, under the contract, might have been made to shorten the five-year period for the use of the money. Then we have, in estimating the time before the suit would be barred, the five years under the contract and the four years under the statute of limitations which would extend the time to the 5th day of May, 1933, about a year after the suit was filed. The burden was on the defendants, under their plea, to show the bar of the statute. This they have not done.

The case is affirmed.

HIGGINS, Justice (concurring).

In my opinion, under the terms of the contract between the parties, it was contemplated that demand by Mrs. Fanger for repayment was necessary to mature the obligation before the expiration of five years from the date of the contract. Under such circumstances the four-year statute of limitations had not expired at the time the suit was filed and the action is not barred. Sullivan v. Ellis (C. C. A.) 219 F. 694; Cook v. Gore's Estate, 82 Vt. 137, 72 A. 322; French v. Hill (Tex. Civ. App.) 69 S.W.(2d) 828, and cases there cited.