## PUBLIC SERVICE EMPLOYEES CREDIT UNION, Inc., v. PROCTER et al.

### No. 2173.

Court of Civil Appeals of Texas. Eastland.

Sept. 26, 1941.

Rehearing Denied Oct. 24, 1941.

Chas. M. Cocke, of Dallas, for appellant.

Wright K. Smith and B. Ray Smith, both of Dallas, for appellees.

GRISSOM, Justice.

Public Service Employees Credit Union, Inc., hereinafter referred to as "Union", filed this suit against F. E. Procter, R. A. Garrison, Wade Voirin and S. L. Fitzgerald on a promissory note. Judgment was rendered for the Union against all defendants, except Garrison, on November 15, 1937. Motion for a new trial was filed by Procter and Voirin on November 24, 1937 and granted on December 18, 1937. Neither said judgment nor order granting Procter and Voirin a new trial was entered upon the minutes of the court until April 15, 1939, when, pursuant to motions therefor, they were entered upon the minutes.

Upon another trial the judgment was for Procter and Voirin and the Union has appealed.

The Union contends that since the original judgment was not entered upon the minutes of the court at the time the motion for a new trial by Procter and Voirin was granted, the order granting a new trial was a nullity. It further contends that in this case, tried under the Practice Act, Art. 2092, since no judgment was entered on the minutes of the court within 30 days after the judgment was rendered or announced, the court lost jurisdiction for all purposes over the parties and subject matter, except to act upon a motion to enter such judgment nunc pro tunc. It further contends that under the Practice Act, since defendants Procter and Voirin filed no motion for a new trial and did not appeal from the original judgment within 30 days *after its entry upon the minutes* nunc pro tunc, the judgment so entered became a final judgment and the trial court lost jurisdiction over the parties and subject matter. These contentions are overruled.

█ The motion for new trial was timely filed, presented and granted after the rendition of the original judgment. We think the trial court had the power to grant said defendants' motion for a new trial, timely filed and presented, notwithstanding the judgment was not then upon the minutes of the court.

█ We are further of the opinion that the trial court did not lose jurisdiction over the parties or subject matter by virtue of the failure to enter said original judgment and order granting a new trial upon the minutes, and that it had the authority thereafter to cause said judgment and order to be recorded in the minutes of the court. We think the authorities cited by the Union, particularly Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624, apparently much relied upon by appellant, do not hold to the contrary. We think the following decisions sustain our holdings: Jones v. Bass, Tex.Com.App., 49 S.W.2d 723; Nevitt v. Wilson, 116 Tex. 29, 37, 285 S.W. 1079, 48 A.L.R. 355; Anchor v. Martin, 116 Tex. 409, 411, 292 S.W. 877; Fowler v. Morrill, 8 Tex. 153, 157; Buttrill v. Occidental Life Ins. Co., Tex.Civ.App., 45 S.W.2d 636, 640; Hudgins v. T. B. Meeks Co., Tex.Civ.App., 1 S.W.2d 681; 31 Tex.

Jur. p. 11; Houston Lighting & Power Co. v. Boyd, Tex.Civ.App., 114 S.W.2d 934.

In 25 Tex.Jur. p. 581, it is said: "An order vacating a judgment may be effective although not entered in the minutes."

In First National Bank v. Chapman, Tex. Civ.App., 255 S.W. 807, 809, it is said: "It cannot be doubted that under the statute the trial judge had the right, for good cause, to set aside the verdict and grant a new trial before the entry of any judgment."

Upon the second trial the court held the note was barred by the four years' statute of limitations, Vernon's Ann.Civ.St. art. 5527, and rendered judgment for the defendants, Procter and Voirin. The suit was instituted December 31, 1935. Upon this trial the Union introduced in evidence its by-laws and the note sued on. On the back of the note were the following pencil notations:

"Due 8/24/32  
Nov 16th 1931    $25.00  
Dec 1st 1931      36.00".

No other evidence was introduced by either the plaintiff or the defendants. The court found as a fact that the Union's board of directors took no action excusing the default in the payments due on the note. This finding was excepted to. The note sued on, in so far as it is here material, is as follows:

"$460.00  
Terms  $23  
Due Date  each 1st & 15th   Dallas, Texas, Oct. 24  1931  
Ten mo  after date, for value received, we S. L. Fitzgerald as principal, and Wade Voirin—and R. A. Garrison, F. E. Procter as co-makers, waiving our rights of demand and notice, jointly and severally promise to pay to the Public Service Employees Credit Union, or order, the sum of Four Hundred Sixty and No/100 dollars in semi monthly installments of twenty-three and No/100 dollars each, with interest at the rate of ——— per cent per annum.

In case of any default in payments as herein agreed, unless excused by the Board of Directors, the entire balance of this note shall become immediately due and payable on demand."

We do not construe the last clause quoted above as absolutely and ipso facto maturing all unpaid installments of the note immediately upon the failure to pay an installment when due. Clearly such default did not have such effect if "excused by the board of directors." Further, we are of the opinion that the provision that follows, to-wit, "this note shall become immediately due and payable *on demand*" (italics ours) does not, as appellees contend, have the effect of thereupon converting the note into a demand note. If upon failure to pay a bi-monthly installment when due the note in all events became immediately due and payable, the additional words "on demand" add nothing to the language used immediately prior thereto, that is, "this note shall become immediately due and payable." We think the words "on demand", as so used, should not be given the technical construction applied to an ordinary demand note. We think the entire provision means that upon the failure of the makers to pay an installment when due, if such default be not excused by the board of directors, then the Union has the right to declare the unpaid balance then due and payable on notice or demand upon the makers for payment. Any other construction would have the words "on demand" add nothing to that which the parties had already stated in the instrument. If the balance became due immediately and absolutely upon the failure to pay an installment when due, then there was no time within which the directors might determine whether or not they would excuse the default. Lyndon Savings Bank v. International Co., 78 Vt. 169, 62 A. 50, 54, 112 Am.St.Rep. 900; Siebert v. Fanger, Tex.Civ.App., 73 S.W.2d 955, writ refused; Crumley v. Ramsey, 93 S.W.2d 191, writ refused; 10 C.J.S., Bills and Notes, § 251, pp. 748, 749; Rogers v. Public Service Emp. Credit Union, Tex.Civ.App., 112 S.W.2d 258, 262; Nickell v. Bradshaw, 94 Or. 580, 183 P. 12, 11 A.L.R. 623; Ross v. Isaacs, Tex.Civ.App., 54 S.W.2d 182.

The burden of pleading and proving that the note was barred by the statute of limitations was upon the appellees. Jolly v. Fidelity Union Trust Co., 118 Tex. 58, 66, 298 S.W. 530, 10 S.W.2d 539; Steele v. Glenn, Tex.Civ.App., 57 S.W.2d 908; Glenn v. Steele, Tex.Sup., 61 S.W.2d 810; Barnett v. Houston, 18 Tex.Civ.App. 134, 44 S.W. 689, writ refused; Lipsitz v. First Nat. Bank, Tex.Civ.App., 288 S.W. 609, affirmed Tex.Com.App., 293 S.W. 563; Siebert v. Fanger, Tex.Civ.App., 73 S.W.2d

955, writ refused; Frosh v. Swett, 2 Tex. 485.

Certainly the introduction of the note with the notations on the reverse thereof did not show that no other payments were made on the note, nor that there was a default which started the running of limitation four years prior to December 31, 1935. (If all the notations are to be given effect, then the note became "Due 8/24/32".) Nor did it prove that the default, if any, in 1931 was not excused by the board of directors, nor that the Union, after such default, if any, made demand for payment of the balance. We conclude appellees failed to establish their plea of limitation.

The judgment for Procter and Voirin is reversed and the cause remanded.