## T. A. HILL STATE BANK OF WEIMAR et al. v. SCHINDLER et al.

### No. 9463.

Court of Civil Appeals of Texas. Galveston.
Nov. 7, 1930.

Rehearing Denied Dec. 4, 1930.

834

Boyles, Brown & Scott, of Houston, and A. A. Gregory, of Columbus, for appellants.

G. H. Miller, of Columbus, for appellees.

PLEASANTS, C. J.

This suit was brought on June 20, 1929, by the heirs of Max Schindler, deceased, against Mrs. Maggie Ilse, individually and as surviving wife and community administratrix of the estate of August Ilse, deceased, the T. A. Hill State Bank of Weimar, Tex. (hereinafter designated State Bank), the First State Bank of Weimar (hereinafter designated First State Bank), and Henry Ilse, to recover the principal, interest, and attorney's fees due upon a promissory note executed by August Ilse on September 4, 1919, and payable to Max Schindler three years after its date, and to foreclose a deed of trust lien given by August Ilse on a tract of 750 acres of land in Colorado county to secure the payment of the note.

The original petition, after alleging the death of their father and mother, and the heirship of plaintiffs as children of Max Schindler, the death of August Ilse, and the qualification of his surviving wife, Mrs. Maggie Ilse, as community administratrix of his estate, which administration is alleged to be still open and pending in the probate court of Colorado county, and the sole heirship of defendant Henry Ilse, only son of August Ilse, then alleges the execution of the note and deed of trust above mentioned upon the 750 acres of land, which is fully described in the petition.

The petition further alleges a renewal of the note by August Ilse on July 21, 1925, by instruments in writing duly executed.

The defendants State Bank and First State Bank are alleged to be setting up a claim of right or title in the land, the exact nature of which is unknown to plaintiffs, but which casts a cloud upon the title to the land and injures plaintiffs' rights therein.

The prayer of the petition is for judgment for the amount found due upon the note, and for foreclosure of plaintiffs' lien on the land against all of the defendants.

The answers of T. A. Hill State Bank and First State Bank specially plead purchase of the land from Mrs. Ilse, community survivor and administratrix of the community estate of herself and her deceased husband; that at the time of their purchase both these defendants held valid subsisting liens upon the land, and there was no valid or lawful renewal or plaintiffs' lien; that the attempted renewal of plaintiffs' note and lien was void because not signed by both the parties to the original instruments, and that the record of such purported renewal was unauthorized and void because the acknowledgment to the renewal instrument was taken by H. A. Townsend, the trustee in the deed of trust, who being a party having a direct interest in the subject-matter was incompetent to take the acknowledgment of the renewal; that T. A. Hill State Bank at and prior to the time the plaintiff's note became barred by the four-year statute of limitation held a valid lien upon the land; and that as to both of these defendants the indebtedness owing by August Ilse to Max Schindler is conclusively presumed to have been paid.

Mrs. Maggie Ilse answered as follows:

1. She set up the death of August Ilse and her qualification as community administratrix;

2. That she gave the notice required by law to all recorded lienholders, according to the debt as shown by the recorded instrument, or last recorded renewal thereof;

3. That it was her duty to plead the statutes of limitations against all debts, claims, and liens, as she found them upon qualifying;

4. She repeated the facts as alleged by the other defendants with reference to the existence of their liens and with reference to their becoming purchasers;

5. She pleaded the four-year statute of limitation, and the failure to renew the debt as required by law; and

6. She set up her sale of the property to the T. A. Hill State Bank of Weimar, Tex., and the First State Bank of Weimar, Tex., for the purpose of paying the debts of the estate.

The defendant Henry Ilse disclaimed any interest in the property, and it is agreed was entitled to be dismissed with his costs.

By supplemental petition, plaintiffs, after a general demurrer and general denial, again pleaded the renewal of said note by August Ilse to mature one year after July 21, 1925; that their deed of trust was filed for record on September 5, 1919, and duly recorded before the execution of the deeds of trust by August Ilse to defendants T. A. Hill State Bank and by Mrs. Maggie Ilse, individually and as community administratrix, to the First State Bank; that said renewal agreement was filed for record January 18, 1928, and was duly recorded before the execution of the deed of trust to defendant the First State Bank, and before the execution of the deed by defendant Mrs. Maggie Ilse to said two defendants; that the deed of trust from August Ilse to defendant T. A. Hill State Bank referred to the lien of plaintiffs as an outstanding lien on said land; that said deed of trust to the defendant T. A. Hill State Bank was executed prior to the expiration of four years from the maturity date of plaintiffs' note as originally executed; that the deed of trust to defendant First State Bank and the note secured thereby were given for and to secure an unsecured pre-existing indebtedness owing by the said August Ilse and by the community estate of August Ilse and wife, Maggie Ilse, to said defendant; that August Ilse died July 28, 1927, and that Mrs. Maggie Ilse was appointed community administratrix on September 7, 1927, by the county court of Colorado county, Tex., and on that date duly qualified as such administratrix; that as such it was the duty of defendant Mrs. Maggie Ilse to pay the debts owing by the community estate to plaintiffs and defendants according to their classification and in the order prescribed for the payments of debts in ordinary administrations; that in such classification, plaintiffs' claim had priority of payment to the liens evidenced by the deeds of trust due to the defendants T. A. Hill State Bank and First State Bank; that the deed of trust to defendant the First State Bank constitutes an unlawful preference attempted to be given by defendant Mrs. Maggie Ilse, individually and

as community administratrix, over the debt and lien of plaintiffs; that all of the defendants knew of the execution of the original note to Max Schindler, Sr., the deed of trust securing same (which was not released of record), and the renewal agreements executed by August Ilse, had full knowledge thereof and had both actual and constructive notice of the execution of all of said instruments; that Mrs. Maggie Ilse, individually and as community administratrix, was estopped from asserting that such lien was barred by the four-year statute of limitation; that the two banks acquired their liens on and title to the above land subject to plaintiffs' lien thereon and could not, therefore, plead that plaintiffs' indebtedness and lien were barred by the four-year statutes of limitation.

The case was tried before the court without a jury, and judgment was rendered on September 10, 1929, in favor of plaintiffs for the sum of $8,710.90, the amount of their debt, against Mrs. Maggie Ilse as community administratrix, and foreclosing plaintiffs' lien on the land as against all of defendants except defendant Henry Ilse.

The uncontradicted evidence establishes these facts: The note upon which plaintiffs suit is brought was executed, as alleged in the petition, by August Ilse on September 4, 1919, and payable to Max Schindler three years after its date. To secure this note August Ilse, on the same day, executed and delivered to Max Schindler a deed of trust conveying to H. A. Townsend, trustee, the 750 acres of land described in plaintiffs' petition. This deed of trust was filed for record on September 5, 1919, and duly recorded on September 6, 1919, in the deed of trust records of Colorado county, Book 4, page 447. On July 21, 1925, August Ilse signed the following indorsement written upon the back of the note before mentioned and described:

"Columbus, Texas, July 21, 1925. The within and foregoing note is just, due and unpaid together with interest from September 4, 1920, and I hereby promise to pay the same on or before one year from this date."

On the same day he executed and acknowledged an instrument reciting the execution and renewal of the note and deed of trust given to secure its payment. This instrument was filed for record and duly recorded in proper records of Colorado county on January 25, 1928.

On June 3, 1926, August Ilse executed a note to the State Bank for $1,500, due six months after date, and to secure its payment executed a deed of trust upon the 750 acres of land theretofore conveyed by him to H. A. Townsend, trustee, as before stated. This deed of trust, which was duly recorded in the deed of trust records of Colorado county, contains the following recital: "Being the same land on which H. A. Townsend, Trustee, holds a deed

of trust for the benefit of Max Schindler, said deed of trust being of record in Vol. 4, pages 447 and 448, Bonded Mortgage Record of Colorado County, Texas."

On August 18, 1927, August Ilse died intestate, and Mrs. Maggie Ilse, who is now the owner of all the estate of August Ilse, qualified as his community executrix on September 7, 1927. Upon her qualification she sent out notices to all persons having a claim for money against the intestate, whose claim was secured by a deed of trust, etc., which instrument creating or extending such lien was duly recorded at the time of the death of the intestate, as required by article 3505 of the Revised Civil Statutes.

Max Schindler died intestate on October 9, 1928, and the plaintiffs in this suit are his children and heirs at law.

On December 27, 1928, Mrs. Maggie Ilse, in her individual right and as community survivor, executed to Ben B. Holt, trustee, a deed of trust on the same above-described 750 acres to secure a note for $895 given for an indebtedness owing to the First State Bank of Weimar by August Ilse, deceased. This deed of trust was filed for record December 29, 1928.

On June 18, 1929, Mrs. Maggie Ilse sold the above-described land to the T. A. Hill State Bank of Weimar and the First State Bank of Weimar for cancellation of the respective notes held by them, payment of taxes owing by the estate, approximating $900, and payment of the cost of administering the estate. This deed was filed for record June 18, 1929, and recorded in Book 84, pp. 154–156, of the deed records of Colorado county, Tex.

There is no evidence showing, or tending to show that the First State Bank, at the times they took their deeds of trust and the conveyance from Mrs. Ilse, did not know of the existence of plaintiffs' lien upon the land to secure the unpaid and unbarred note of August Ilse.

This appeal from the judgment of the trial court is prosecuted by the defendants State Bank, First State Bank, and Mrs. Maggie Ilse. Under numerous assignments and appropriate propositions, which we deem unnecessary to set out and discuss in detail, the appellants assail the judgment upon the following grounds stated in their brief:

"1. That the debt evidenced by the note sued on and the lien created by the deed of trust given by August Ilse to H. A. Townsend, trustee for Max Schindler, became barred of record on September 4, 1926, at which time no written agreement of extension was acknowledged and placed of record, and such debt was henceforth conclusively presumed to be paid and the lien securing same was void as to all creditors and subsequent purchasers.

"2. That prior to September 4, 1926, on said date, and at all times thereafter, appellant The T. A. Hill State Bank of Weimar, Texas, had a valid recorded lien covering the same property, and this lien, upon plaintiffs' lien becoming barred of record on September 4, 1926, immediately rose in dignity to the rank of a prior lien thereto.

"3. That, the record concerning said liens and debts being in this condition when August Ilse died on July 28, 1927, and Mrs. Maggie Ilse qualified as community administratrix, she took the title to the property as a trustee, holding the title in trust for all creditors of the estate and heirs, with the legal duty to plead the statutes of limitations to the debts and claims as they existed of record on the date of the death of August Ilse, to-wit, July 28, 1927, and that at that time the debt sued on by plaintiffs was conclusively presumed to be paid and the lien was extinguished.

"4. That H. A. Townsend, the trustee in the deed of trust given by August Ilse to Max Schindler creating the lien foreclosed in this suit, was a party at interest and, as such, was incompetent to take and certify for record the acknowledgment to a written instrument undertaking to extend the debt secured by said deed of trust and the lien created thereby; and that such extension agreement was not in compliance with the requirements of law because not acknowledged for record before a competent notary public.

"That the written instrument undertaking to extend said note and keep said lien in effect was not entered into by the parties to the debt and lien sought to be extended, but was only made by August Ilse alone, and was therefore not the valid agreement of extension provided for by article 5523 of the Revised Civil Statutes of 1925.

"That the filing for record of the purported renewal and extension agreement on the acknowledgment certified by H. A. Townsend was not a valid recording of the instrument and did not comply with the requirements of articles 5521, 5522, and 5523, and did not extend said debt and continue said lien in force even after the date of its being filed for record on January 18, 1928.

"5. That the deed of trust given by Mrs. Maggie Ilse, for herself and as community administratrix, to Ben B. Holt, trustee for the First State Bank of Weimar, Texas, securing the note for Eight Hundred Ninety-five and 02/100 Dollars ($895.02), dated December 27, 1928, which deed of trust was filed for record on the 29th day of December, 1928, constituted The First State Bank of Weimar, Texas, a lienholder against the property involved in this suit as of that date, without there being at such time a valid extension agreement on record, and that the debt sued on was then more than four years past due, and that said bank could not be prejudiced by any renewal or extension agreement other than a valid written agreement signed by the parties, acknowledged as provided by law,

and placed of record prior to the date when said lien was created.

"6. That the sale of the property upon which the lien was foreclosed in this suit, as made by Mrs. Maggie Ilse in her own individual right and as community administratrix of the estate of August Ilse, deceased, for the purpose of paying the debts of said estate, as made to The T. A. Hill State Bank of Weimar, Texas, and The First State Bank of Weimar, Texas, by the deed dated June 18, 1929, and filed for record on the 18th day of June, 1929, constituted said banks purchasers of said property after the debt herein sued on was more than four years past due, as shown by the deed of trust given to Max Schindler by August Ilse, without the same having been extended by a written agreement signed by the parties, acknowledged as required for deeds of conveyance before a competent notary and placed of record prior to the date of said purchase, and that as against said purchasers no form of extension agreement could prejudice their rights."

None of these objections to the judgment is valid, in our opinion.

█ The first ground of objection cannot be sustained because it is based upon a construction of the original statute that had been repudiated by our courts before the 1925 amendment which was intended to make the statute clearly conform to the construction theretofore given it by the courts. Before the passage by the Legislature of the act of 1925 amending article 5522 of our Revised Statutes, by providing that "the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this Act," it was settled by the decisions of our Supreme and appellate courts that any renewal of the note made before it became barred which was valid as between the parties preserved the lien until the expiration of four years after the maturity of the debt fixed by the renewal, except as against subsequent innocent purchasers and lienholders.

We think it clear that in the amendment of the statute before set out the Legislature, in restricting the effect of a renewal of the note by agreement of the maker and lienholder "so long as it (such renewal) does not prejudice the rights of lien-holders or purchasers subsequent to the date such liens became barred of record," intended to make the statute conform to the construction theretofore given it by the courts, and to restrict the right of renewal by agreement of the parties to the original transaction only to the extent

of protecting subsequent lienholders or purchasers for value without notice of the renewal.

When all of the articles of our statute fixing the period of limitation for the enforcement of liens upon land are considered, it is apparent that the primary if not the sole purpose of these statutes is to protect innocent purchasers or lienholders from prior liens upon the land when the debts such prior liens were given to secure appear to be barred by the recorded liens. Prior to the enactment of these statutes, the innocent purchaser of land had no protection against a recorded vendor's or deed of trust lien which was not released of record, and innocent purchasers often suffered loss in dealing with land against which such liens were recorded notwithstanding the fact that according to the record the debts were long barred. These statutes which were enacted to prevent wrong and injustice would, if given the construction contended for by appellants, become instruments of wrong by enabling one to obtain a right in land which he knew belonged to another merely because the owner had failed to place the evidence of his right upon record. Such construction of these statutes is in conflict with the express provisions of our registration statute, and is, we think, unsound in both law and morals. Revised Statutes (1925), article 6627; Templeman v. Kempner (Tex. Civ. App.) 223 S. W. 293; Amonette v. Taylor (Tex. Civ. App.) 244 S. W. 238; Watson v. First National Bank of Coleman (Tex. Com. App.) 285 S. W. 1050, 1053; Jolly v. Fidelity Union Trust Co., 118 Tex. 58, 10 S.W.(2d) 539.

In the Watson Case, supra, the Commission of Appeals, speaking with the approval of the Supreme Court, expresses views in regard to the purpose and intent of the 1925 amendment to the statute which fully sustains our conclusions above expressed. The court in that case, after discussing the provisions of article 5522, stated that the codifiers in 1925 gave statutory effect to the right of the parties themselves to renew a debt or lien, and that the courts had always done so, using this language:

"This is but another evidence that the purpose of this statute, so far as the recording of the renewals is concerned, is for the benefit of third parties. Again, why should a maturity date of record be conclusively presumed to be correct, regardless of the actual facts as shown by the contracts of the parties themselves, except in so far as such a presumption is fair to outsiders who are not familiar with the actual facts."

Our conclusion that a renewal of a debt and lien before it becomes barred, which is valid as between the parties, can only be held ineffective as to third parties who acquire rights in the mortgaged property for value and without notice of the renewal of the debt,

is conclusive of this appeal, since the appellants offered no evidence tending to show that any of them acquired the rights now asserted by them in the property for a valuable consideration and without notice of the renewal.

 The burden was upon appellants to both allege and prove these facts before they can be heard to say that the renewal of the debt and lien by August Ilse and Max Schindler was "in prejudice of their rights." Turner v. Cochran, 94 Tex. 480, 61 S. W. 923; Simkins on Equity, pp. 665, 666.

In so far as the appellant State Bank is concerned, having acquired its lien on the land shortly after the original note and lien given Max Schindler was executed and long before the debts evidenced thereby became barred by the four-year statute of limitation (Rev. St. 1925, art. 5527), it cannot, under the limitations expressed in the proviso contained in article 5522 authorizing and making valid agreements of the parties for a renewal and extension of the debt and lien, claim any superior right in the land. This is the holding in the case of Wilkinson v. First National Bank of Crosbyton (Tex. Com. App.) 13 S.W.(2d) 346, 348. The opinion in the case cited, in discussing this question, says:

"The sole prescribed limitation of the validity and legal effect of his [the maker of the note] agreements in this respect has exclusive reference to those who purchase the mortgaged premises, or who acquire liens thereon, more than four years after the maturity date shown in the mortgage and while there appears of record no extension agreement, duly executed in conformity to the requirements 'of these statutes, showing the mortgage lien still to be subsisting. This limitation is expressed in the statute; no other one is implied."

It goes without saying that the renewal was valid against Mrs. Ilse, who was an owner of a one-half community interest in the land and is bound by the lawful agreements of her husband in reference thereto. Her right to plead limitation against the renewal is no better than would be that of August Ilse if he was living. As administratrix of the community estate she holds the property charged with all community and valid liens existing thereon, and under article 3672, Revised Statutes, is required to pay all claims of the estate according to legal classification, and by such classification appellee's debt and lien is superior to the claims of appellants.

The extension agreement which was acknowledged before H. A. Townsend, notary public, gave no information of the notary's interest as trustee in the deed of trust thereby extended. In this situation the agreement was properly recorded and its record became effective as constructive notice, since the ac-

knowledgment was not essential to the validity of the agreement. 1 Texas Jur. 39, p. 449.

Under our construction of the statute before stated, neither the deed of trust given by Mrs. Ilse to the First State Bank, nor her deed of conveyance to the two appellants, give either of them any right in the land superior to the right of appellees to subject it to the payment of their note. If the burden upon the issue of innocent purchaser had not been upon appellants, we think the evidence is sufficient to charge both of them with constructive if not actual notice of the renewal of appellees' note at the time they took the deed from Mrs. Ilse.

What we have said requires an affirmance of the judgment.

Affirmed.