## DENNIS v. BELLAH et al.

No. 12973.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 5, 1934.

Rehearing Denied Dec. 7, 1934.

Homer B. Latham, of Bowie, for appellant.

Benson & Benson, of Bowie, for appellees.

POWER, Justice.

On October 2, 1917, J. D. Bellah was the owner of a certain tract of land described as lot No. 10 in block No. 29, except 10 feet off of the south end of said lot, in Cheek's addition to the town of St. Jo, Montague county, Tex., and on that date by general warranty deed he deeded the property to T. E. Bryant. The consideration for the transfer was $50 in cash and the execution and delivery of a vendor's lien note in the sum of $300, dated October 2, 1917, and due October 1, 1918. The note was signed by the grantee, T. E. Bryant, and the deed showing a full history of the transaction was filed and recorded in April, 1920.

.No other record is shown of said note and no other reference to said note is made in the statement of facts until the 6th day of May, 1925, when a deed was executed by T. E. Bryant and wife to the property described to B. E. Lewis and R. L. Mann for a consideration of $4,700 in cash and the assumption of the payment of a $300 vendor's lien note outstanding against the real estate and as described in the deed from J. D. Bellah to T. E. Bryant. This deed was filed and recorded in May, 1925.

On July 27, 1925, R. L. Mann and wife deeded their interest in said lot to B. E. Lewis in consideration of $400 cash in hand paid and the further consideration of B. E. Lewis assuming and agreeing to pay all outstanding indebtedness against the business conducted by R. L. Mann and B. E. Lewis, consisting of a note for $3,000 due to the Lindsay Bank of Gainesville, $945 due to the Citizens' National Bank of St. Jo, $300 due J. D. Bellah, and a further sum of $740 due the Citizens' National Bank of St. Jo. This deed was filed and recorded in November, 1925.

On the 15th day of March, 1927, J. D. Bellah and B. E. Lewis executed an extension of indebtedness and lien, using the following language in part:

"Whereas, J. D. Bellah, did, on the 2nd day of October, 1917, by a warranty deed of that date, of record in volume —— page —— of the Deed Records of Montague County, Texas, bargain, sell and convey to T. E. Bryant, the following real property, lying and being situated in the County of Montague, Texas, to-wit:

"All of Lot No. 10, Block #20, except 10 feet off of South end in Cheek's Addition to Saint Jo, Montague County, Texas, and did in said deed retain a vendor's lien on said property to secure the balance of the purchase money for said property, as follows, towit:

"One note dated October 2, 1917, and due on or before October 1, 1918, with interest at the rate of 10% per annum, payable annually at the First National Bank of Saint Jo, Texas, and later extended to mature on the 1st day of October, 1922.

"And whereas, said indebtedness is about to mature, and will, in fact, mature on the 1st day of October, 1922, and then become due and payable, and the vendor's lien thereunder will become enforceable by foreclosure proceedings against said described property, and B. E. Lewis, the Assumptor of said indebtedness is desirous of renewing and extending said indebtedness so as to make same mature on the 1st day of October, 1927."

This extension of lien was filed and recorded in March, 1927.

In June, 1929, B. E. Lewis and S. H. Camp executed a promissory note payable to the defendant H. L. Dennis in the sum of $3,500, and at the same time executed and delivered to the defendant H. L. Dennis a deed of trust on lot No. 10, in block No. 29, except 10 feet off of the south end, in Cheek's addition to the city of St. Jo. This deed of trust was filed and recorded in June, 1929.

On September 8, 1931, J. D. Bellah filed suit for the collection of the $300 note dated October 2, 1917, and due October 1, 1918, against B. E. Lewis and H. L. Dennis, asking for foreclosure of the lien on lot No. 10, in block No. 29, as heretofore described. Both defendants pleaded that, under the facts outlined by the execution and recording of the various instruments, the note was barred by the four years' statute of limitation.

Evidence was introduced tending to show that at the time of the execution of the extension agreement it was understood as between Bellah and Lewis that it was their intention to extend the due date and lien on lot 10, in block 29, as heretofore described in the deed from Bellah to Bryant; but the evidence further shows that the defendant Dennis had no actual knowledge of the intention of Lewis and Bellah.

The cause was submitted to the jury on two special issues:

"1. Do you find from the preponderance of the evidence that the $300.00 indebtedness due J. D. Bellah as mentioned in the deed from R. L. Mann and wife to B. E. Lewis, was intended by Mann and Lewis to refer to the debt in controversy in this suit?" To which the jury answered: Yes.

"2. Do you find from a preponderance of the evidence that in the extension agreement between B. E. Lewis and J. D. Bellah, dated March 15, 1927, that B. E. Lewis and J. D. Bellah intended that said instrument should describe the property as being in Block 29 instead of Block 20?" To which the jury answered: Yes.

Based upon the evidence and answers of the jury to the questions propounded, the court entered judgment that said J. D. Bellah recover from B. E. Lewis the debt, interest, and attorneys' fees, and adjudged further that plaintiff's vendor's lien on lot 10, block 29, as heretofore described, be foreclosed, both as to defendants B. E. Lewis and H. L. Dennis. Lewis did not appeal from the judgment and the record is before us only as to defendant Dennis. This appellant reserved proper exceptions both as to the pleading and introduction of evidence fully protecting himself as to the record.

The questions to be determined are: (1) Was the assumption of the note in suit by the grantee in the deed from Bryant and wife to Mann and Lewis sufficient in law to give notice to Dennis? (2) Was the assumption in the deed from Mann and wife to Lewis of the $300 due J. D. Bellah sufficient in law to take the note and lien out of the bar of limitation against the subsequent good faith lienholder? (3) Was the extension agreement between Lewis and Bellah sufficient in law to extend the note in suit and the lien securing same as against a subsequent good faith lienholder?

Article 5521, Rev. Civ. St. 1925, reads as follows: "Purchase money or mortgage lien notes relating to real estate shall conclusively be presumed to have been paid after four years from the date of maturity of such notes unless extended as provided by law."

By Act of the Legislature 1931 (chapter 136, § 1), effective August 23, 1931, article 5521, as above quoted, was repealed. Prior to September 21, 1925, article 5522, Rev. Civ. Stat-

utes, read: "When the date of maturity of either debt referred to in either of the foregoing articles is extended, if the contract of extension is signed and acknowledged as provided for in the law relating to the execution of deeds of conveyance by the party or parties obligated to pay such indebtedness as extended and filed for record in the county clerk's office in the county in which the land is situated, the lien shall continue and be in force until four years after maturity of the notes as provided in such extension, the same as in the original contract and the lien shall so continue for any succeeding or additional extension so made and recorded. The date of maturity set forth in the deed of conveyance or deed of trust or mortgage or the recorded renewal and extension of the same shall be conclusive evidence of the date of maturity of the indebtedness therein mentioned."

In 1925 (chapter 64, § 2), effective July 17, 1925, the Legislature amended article 5522 by adding the following sentence thereto: "Provided the owner of the land and the holder of the note or notes may at any time enter into a valid agreement renewing and extending the debt and lien, so long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens became barred of record under laws existing prior to the taking effect of, or under this Act; as to all such lien holders or purchasers any renewal or extension executed or filed for record after the note or notes and lien or liens were, or are, barred of record and before the filing for record of such renewal or extension, such renewal or extension shall be void."

These statutes are applicable to the various transactions aggregating the facts in this case in so far as the appellant Dennis is concerned. The 1925 amendment of article 5522 expressly reserves to subsequent lienholders and purchasers all rights they had under the law prior to the amendment. Its language is: "So long as it does not prejudice the rights of lien holders or purchasers subsequent to the date such liens become barred of record under laws existing prior to the taking effect of, or under this Act." This is further apparent by the statement that renewal or extension shall be void as to all such lienholders if such notes and liens were barred before the filing for record of such renewal or

extension. The following cases discuss the effect of these various statutes: T. A. Hill State Bank v. Schindler (Tex. Civ. App.) 33 S.W.(2d) 833; Templeman & Son v. Kempner (Tex. Civ. App.) 223 S. W. 293; Jolly v. Fidelity Union Trust Co., 118 Tex. 58, 298 S. W. 530, 10 S.W.(2d) 539.

■ Article 5521 does not confine its protection to lienholders subsequent to the bar and before the attempted extension. It says lienholders subsequent to the date such liens became barred. Even though the assumption in the Bryant deed was good as between the parties, it does not follow that it was good as to a subsequent lienholder, because the debt was as to every one else, except the parties conclusively presumed to have been paid, not having been before or after it was barred, extended as required by article 5522. Neither Lewis nor Mann, when Bryant deeded to them, nor Lewis, when Mann deeded to him, signed or acknowledged anything obligating themselves to pay the note in suit. It appears that as to the defendant Dennis he had the right to presume that the note in suit was paid.

■■ Did the extension agreement extend the debt or lien as against the subsequent lienholder? The amount of the note which it purports to extend is not given; the volume and page of the record showing the instrument in which the note was retained is not given. The property covered by the note is not given, but an entirely separate and distinct piece of land is described. It refers to a previous extension agreement which did not exist. This court cannot bring itself to believe that this instrument was sufficient to put the appellant on inquiry as to the note in suit, a lack of description of the note, and the fact that it described an entirely different piece of property, and the fact that it referred to other agreements that do not appear as to lot 10, block 29, all tended to mislead the appellant rather than to place him on proper inquiry. The evidence offered, showing the intention of Lewis and Bellah at the time the extension agreement was executed, was binding as between these parties, but it appearing that appellant had no actual knowledge or other notice of such intention was not admissible as against appellant.

This cause is reversed and rendered as to appellant Dennis, and affirmed as to defendant Lewis.