**E. W. ANDERSON, Appellant,**

v.

**Joseph W. GREGORY, Jr., et al., Appellees.**

No. 3594.

Court of Civil Appeals of Texas.

Eastland.

Nov. 18, 1960.

Rehearing Denied Dec. 6, 1960.

Olan M. Street, Dallas, for appellant.

John A. Coffee, Big Spring, for appellees.

GRISSOM, Chief Justice.

E. W. Anderson sued Joseph W. Gregory, Jr., and others, the children and heirs at law of Joseph and Carrie Mae Gregory, deceased, in trespass to try title to a tract of land. In a trial to the court, judgment was rendered for defendants. Plaintiff has appealed.

■ Plaintiff sought to recover title by virtue of the ten years statute of limitation. It is undisputed that appellant and those under whom he claims title by virtue of ten years adverse possession first went into possession of the land after October 1, 1946. Plaintiff alleged he was ousted by defendants on January 1, 1957. He filed this suit January 18, 1957, and defendants filed their answer on March 2, 1957. From October 1, 1946, the earliest date appellant and those under whom he claims title by limitation could have had possession of the land, to January 18, 1957, when this suit was filed, is less than ten years and four months. Running of the statute of limitation was stopped by the filing of the suit and answer of the defendants. 28 Tex.Jur. 148. Joseph W. Gregory, Sr., who then had title and through whom defendants claim title by inheritance, died intestate on April 19, 1948. Proof was made of his death on said date. Appellant then had the burden of proving that an administration was taken out on his estate in less than twelve months, otherwise the running of limitation was tolled for twelve months after his death. Article 5538. There was no evidence that an administration was taken out, therefore, twelve months must be subtracted from the period of ten years and four months during which, but for the death of Gregory, Sr., limitation might have run in favor of appellant. Jolly v. Fidelity Union Trust Company, 118 Tex. 58, 10 S.W.2d 539. See also 28 Tex.Jur. 147, 148 and 14 Tex.Jur. 351. It is evident that limitation did not run for ten years.

The court correctly held that appellant had failed to establish title by limitation. Appellant's points to the contrary are overruled. The judgment is affirmed.